UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YANNI CHEN,<br>    Plaintiff,<br><br>v.<br><br>ELIOT HOTEL, INC., and ARTHUR D. ULLIAN,<br>    Defendants. | Civil Action No. |

# COMPLAINT AND REQUEST FOR TRIAL BY JURY

### PREFATORY ALLEGATIONS

1. Plaintiff Yanni Chen ("Plaintiff") is a natural person and resident of the Commonwealth of Massachusetts.

2. Defendant Eliot Hotel ("Eliot Hotel") is, according to public records on file with the Secretary of the Commonwealth, a for-profit corporation organized under and by the laws of the Commonwealth of Massachusetts with its principal place of business located at 370 Commonwealth Avenue, Boston, Massachusetts.

3. Defendant Arthur D. Ullian ("Ullian") is a natural person residing in Newton, Massachusetts and, according to public records on file with the Secretary of the Commonwealth, the President of the Eliot Hotel.

4. Defendants Eliot Hotel and Ullian are collectively referred to herein as "Defendants".

### JURISDICTION AND VENUE

5. This Court has jurisdiction to hear the claims in this case pursuant to 28 U.S.C. §§ 1331 and 1367(a) and 29 U.S.C. §§ 207 and 216(b).

6. Defendants have their principal place of business in this District and are therefore subject to personal jurisdiction.

7. Venue is proper in this District of Massachusetts pursuant to 28 U.S.C. § 1391(b), since the Defendants are residents of this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District of Massachusetts.

## BACKGROUND

8. Plaintiff a former employee of Defendants brings this action for, among other things, violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 and 207, *et. seq.* ("FLSA"), 29 C.F.R. 541.200, *et. seq.*, the minimum wage provisions of the Massachusetts Minimum Fair Wages Law, M.G.L. c. 151, §§ 1, *et. seq.* ("MFWL"), the Massachusetts Wage Act, M.G.L. c. 149, §§ 148-150 ("Wage Act") and violations of the Family Medical Leave Act ("FML"), M.G.L. c. 175 §§ 1, *et. seq.*.

9. Defendants have committed multiple repeated, knowing, and willful violations of the FLSA, the MFWL, the Wage Act as well as M.G.L. c. 175M, *et. seq.*; FML; M.G.L. c. 149 § 148B and 152A. Defendants regularly and deliberately failed to pay Plaintiff regular wages and overtime wages as required by both state and federal wage and hour laws.

10. Defendants operate a hotel and restaurant popularly known as the Eliot Hotel.

11. At all times relevant thereto, Plaintiff was an hourly wage employee of Defendants but was misclassified and paid a flat fee.

12. Plaintiff during the relevant times described herein, worked in housekeeping performing menial tasks as well as in the restaurant as a server.

13. Plaintiff, during the times alleged herein, had no supervisor, administrative or management responsibilities.

14. Plaintiff's duties and responsibilities entailed cleaning rooms and serving food and drinks in Defendants' restaurant.

15. Plaintiff was employed by Defendants during the period of time of March 31, 2020 to February 17, 2021 and then March 3, 2021 to October 11, 2021.

16. At all times relevant thereto, Plaintiff regularly worked 50 to 55 hours per week.

17. Defendants paid Plaintiff a flat rate of wages for her services each month.

18. Other than the monthly payment of wages, Plaintiff received no further remuneration from the Defendants for her services.

19. Defendants paid Plaintiff $4,916.66 per month in wages.

20. Plaintiff also earned tips as a server at the Eliot Hotel, which she did not receive.

21. The tips were to be part of her wages, but Defendants refused and would not allow Plaintiff to retain her tips.

22. Plaintiff was not paid overtime wages in violation of M.G.L. c. 151 §§ 1A and 2A.

23. The effective hourly rate paid to Plaintiff failed to compensate her for the overtime premium she should have received for all hours works in excess of 40 hours in individual workweeks.

24. Plaintiff regularly worked in excess of 40 hours in individual workweeks.

25. At all times relevant hereto, Plaintiff was an individual employee engaged in commerce of the production of goods for commerce within the meaning of Section 7(a) of the FLSA, 29 U.S.C. § 207(a).

26. At all times relevant hereto, each of the defendants acted as the "employer" of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. At all times relevant hereto, Defendants regularly transacted business within this District.

28. On information and belief, at all times relevant hereto, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the Defendants' employees are engaged in interstate commerce and the Defendants' combined annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes.

29. Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by the FLSA.

30. Defendants continue to owe Plaintiff wages but have failed or refused to pay same.

31. Under the Wage Act, FLSA, and FML, defendant Ullian is individually liable for the Eliot Hotel's failures to pay Plaintiff her the full amount of the wages due and owing to her.

32. With respect to her state law claims, Plaintiff has exhausted her administrative remedies with the Office of the Attorney General.

33. While Plaintiff was a server in Defendants' restaurant, Defendants wrongfully denied Plaintiff tips she earned and prohibited Plaintiff from retaining the tips.

34. In February of 2021, Defendants terminated Plaintiff in retaliation for seeking leave under the FML.

35. As a result of Defendants' retaliatory act, Plaintiff not only lost wages, she lost medical benefits.

36. Plaintiff's termination during the time of COVID in retaliation for taking FML, resulted in Plaintiff being depressed, isolated, terrified, tearful, upset and filled with anxiety from the loss of medical overage.

37. Defendants' retaliatory actions in terminating her for taking FML caused Plaintiff severe emotional distress.

38. Plaintiff has requested a copy of her personnel file from Defendants, which supposedly includes her payroll records.

39. Plaintiff's personnel filed was requested pursuant to M.G.L. c. 149, § 52C.

40. Despite initially agreeing to comply with Plaintiff's request for her personnel file, Defendants have subsequently failed to provide a copy or access to her personnel file.

41. Defendants have failed to maintain records of the hours worked by Plaintiff.

42. As a result of Defendants actions, Plaintiff has been harmed in an amount to be determined at trial.

## CAUSES OF ACTION

### COUNT I
### Violation of M.G.L. c. 151 §§ 1A, 2A, 19
### Failure to Pay Overtime Wages
### (Against All Defendants)

43. Plaintiff repeats and re-alleges each and every allegation as though each were separately and specifically set forth herein.

44. As more particularly set forth above, Defendants failed to pay Plaintiff her minimum fair wages as required by G.L.c. 151 §§ 1A and 2A.

45. Defendants instructed Plaintiff to work in excess of 40 hours per week.

46. Plaintiff was entitled to overtime compensation as required by Federal law.

47. Defendants failed to maintain proper payroll records.

48. As a result of Defendants' failures to pay fair wages, Plaintiff has suffered damages.

49. Plaintiff will prove her damages at trial.

## COUNT II
### Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207 *et. seq.*
### Failure to Pay Overtime Wages
### (Against All Defendants)

50. Plaintiff repeats and re-alleges each and every allegation as though each were separately and specifically set forth herein.

51. During the course of the Plaintiff's employment, Defendants directed Plaintiff to work in excess of 40 hours in individual workweeks and Plaintiff did regularly work in excess of 40 hours in individual workweeks.

52. Pursuant to the overtime provisions of the FLSA, 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in individual workweeks.

53. Defendants did not compensate Plaintiff at one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in individual workweeks.

54. Defendants' violations of the FLSA were repeated, knowing, and willful.

55. As a result of Defendants repeated, willful and intentional violations of the FLSA, Plaintiff has suffered damages.

56. Plaintiff will prove her damages at trial.

## COUNT III
### Violation of M.G.L. c. 149 §§ 148 and 150
### Failure to Timely Pay Due and Payable Wages
### (Against All Defendants)

57. Plaintiff repeats and re-alleges each and every allegation as though each were separately and specifically set forth herein.

58. As more particularly set forth above, Defendants violated the Wage Act by failing to timely pay Plaintiff all wages that are due and payable.

59. Defendants' failures to pay minimum fair wages as required by M.G.L. c. 151 §§ 1 and 2 caused Plaintiff to be deprived of the full amount of her earned wages when same became due and payable.

60. Defendants' failures to pay overtime wages as required by 29 U.S.C. § 207 caused Plaintiff to be deprived of the full amount of her earned wages when same became due and payable.

61. Defendants' failures to timely pay due and payable wages were repeated, knowing and willful.

62. As a result of Defendants' failures to timely pay due and payable wages, Plaintiff has suffered damages.

63. Plaintiff will prove her damages at trial.

## COUNT IV
### Retaliatory Termination For Taking FML
### Violation of M.G.L. c. 175 §§ 1-11
### (Against All Defendant)

64. Plaintiff repeats and re-alleges each and every allegation as though each were separately and specifically set forth herein.

65. Plaintiff put in a request for FML to recover from injuries she had sustained.

66. Plaintiff was approved for FML by Defendants.

67. When Plaintiff proceeded to take FML, she was terminated by Defendants.

68. Plaintiff's termination was in retaliation for taking FML.

69. Plaintiff not only lost wages because of Defendants' wrongful, retaliatory termination, but also lost medical benefits and incurred severe emotional distress.

70. Plaintiff will prove her damages at trial.

## COUNT V
### Failure to Pay Tips
### Violation of M.G.L. c. 149, § 152A
### (Against All Defendants)

71. Plaintiff repeats and re-alleges each and every allegation as though each were separately and specifically set forth herein.

72. Defendants assigned Plaintiff to work in their restaurant.

73. The assignment was in addition to requiring Plaintiff to perform housekeeping services, such as cleaning guest rooms.

74. As a server in Defendants' restaurant, Plaintiff was not permitted to retain tips paid to her by customers she served.

75. Plaintiff will prove her damages at trial.

## COUNT VI
### Failure to Allow Breaks
### Violation of M.G.L. c. 149, § 148B
### (Against All Defendants)

76. Plaintiff repeats and re-alleges each and every allegation as though each were separately and specifically set forth herein.

77. During the period of time alleged herein, Defendants did not allow Plaintiff to take breaks during her shifts at work.

78. Under the laws of the Commonwealth of Massachusetts, Plaintiff was entitled to take breaks.

79. Defendants violated Massachusetts' laws by failing and refusing to allow Plaintiff to take breaks.

80. Plaintiff will prove her damages at trial.

## COUNT VII
### Emotional Distress
### (Against All Defendants)

81. Plaintiff repeats and re-alleges each and every allegation as though each were separately and specifically set forth herein.

82. As a result of Defendants retaliatory termination of Plaintiff in violation of FML, Plaintiff has suffered severe emotional distress.

83. The termination was at the height of the COVID-19 pandemic.

84. Defendants' wrongful termination of Plaintiff resulted in her loss of medical benefits.

85. Plaintiff was terrified of becoming ill or her family members becoming ill and having no medical benefits.

86. Plaintiff was terrified, lost sleep and became extremely anxious.

87. Plaintiff became depressed, isolated and had difficulty communicating with family members.

88. Plaintiff was embarrassed and humiliated by the retaliatory termination.

89. Plaintiff was extremely upset and the experience prevented her from enjoying life.

90. Plaintiff will prove her damages at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court grant the following relief:

a. Judgment against Defendants;

b. Damages, including compensatory, punitive, liquidated, and trebled damages to Plaintiff, as authorized and mandated by applicable law, in an amount to be proven at trial;

c. Pre-judgment and post-judgment interest;

d. Attorneys' fees and costs;

e. Appropriate injunctive, declaratory and other equitable relief; and

f. Grant such other and further relief as this Court deems just and proper against defendants and reach and apply defendants.

## REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests that this action to be tried by jury.

**DATED: February 8, 2023**          **PLAINTIFFS,**
                                     By her attorney,


*/s/ Timothy K. Cutler*
Timothy K. Cutler (BBO#636124)
CUTLER & WILENSKY LLP
20 Walnut Street, Suite 1
Wellesley, Massachusetts 02481
(617) 232-7500 Telephone
tim@cutlerlegal.com